OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas wherein a jury convicted appellant, Kevin Taylor, of one count of unlawful possession of crack cocaine, a felony of the fourth degree. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following two assignments of error:
"ASSIGNMENTS OF ERROR
"I. The defendant was denied effective
 assistance of counsel, as guaranteed under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.
 "II. The trial court erred prejudicially in its own violation of the separation of witnesses rule."
The following facts are relevant to this appeal. Appellant was indicted on March 2, 1998 on one charge of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(b). The indictment resulted from a raid on a suspected drug house located in Toledo, Ohio. Appellant's trial was held on September 14, 1998. Two detectives testified; both were at the back entrance to the house while other officers executed a `no-knock' warrant at the front entrance. Three young African-American males exited the back entrance on to a back porch. The detectives, with their weapons drawn, ordered the men to "get down." The first male to exit complied. One police detective testified that he saw a throwing motion of the arm of the second man to exit before that man turned to re-enter the house, almost running into the third man to exit. A second detective testified that he saw a plastic baggie leave the second man's hand. This detective testified that the plastic baggie, which landed at his feet, contained suspected crack cocaine; after entering the house, this detective identified appellant as the man who threw the plastic baggie. Both detectives identified appellant as the second man; both noted that although appellant and the third man both had hair braids, appellant's were flat or corn row braids. Additionally, both detectives identified the third man as lighter in skin tone than appellant. Both detectives testified as to the clothing worn by all three men, specifically the different colors of the jackets worn by them.
At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The motion was denied. The defense presented its case. Appellant testified that the third man to exit, not him, had thrown the plastic baggie. Appellant further testified that the first man to exit did not hit the floor until after he and the third man to exit had collided and turned. He also testified that when all the men were inside the house an officer inquired as to who had thrown the plastic bag. Appellant testified that he had earlier seen the third man to exit with plastic baggies.
The jury deliberated on September 15, 1998 and returned a guilty verdict on the offense charged. Appellant was sentenced to three years of community control, with six months at the correctional treatment facility. Appellant was also ordered to participate and successfully complete a drug/alcohol treatment program; obtain his GED/education; submit to periodic urinalysis; and seek and maintain gainful employment. Appellant timely filed his notice of appeal.
In his first assignment of error, appellant argues that he was deprived of his constitutional right of effective assistance of counsel. This court finds no merit in this assignment of error.
The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under theSixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v. Washington (1984),466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorneys' deficient performance. Id. at 693.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin
(1988), 37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156; State v. Martens (1993), 90 Ohio App.3d 338, 351.
It is well established that the constitution does not guarantee a perfect trial or even the best available defense. TheSixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. Statev. Martens, 90 Ohio App.3d at 351.
Effective assistance of counsel does not guarantee results. State v. Longo (1982), 4 Ohio App.3d 136. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v.Hart (1988), 57 Ohio App.3d 4, 10.
In his first assignment of error, appellant argues eleven instances of ineffective assistance of trial counsel:
1. failure to conduct pre-trial investigation;
2. failure to file necessary pre-trial motions;
 3. failure to inquire on voir dire into potential race bias;
 4. failure to require as adequate foundation fora admission of photographs;
 5. failure to protect the record adequately through proper objections;
6. failure to treat the client with dignity;
7. inadequate development of theory of case;
8. failure to exploit chain of custody deficiencies;
 9. failure to protect the Defendant's right to appear in street clothes before a jury;
10. failure to object to the admissions of exhibits; and
11. error in closing argument.
In the first instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to investigate visibility at the time and day in question through the request of police logs and information from the U.S. Weather Bureau. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
Appellant argues that visibility was so poor that one of the police detectives did not see the plastic baggie of drugs, but only saw an arm go out. Although appellant argues that it was due to lack of visibility that the detective did not see the plastic baggie of drugs, the detective's testimony was that he was further away and to the left of the detective who did see the plastic baggie of drugs leave appellant's hand. Both detectives testified that the police raid occurred at approximately 5:45 p.m. on the day in question and that it was still daylight. After a careful review of the record, we are not convinced that the trial result would have been any different had trial counsel requested police logs and information from the U.S. Weather Bureau regarding visibility at the time and day in question.
In the second instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to file the necessary pre-trial motions, specifically arguing the failure to file any motions testing the sufficiency of the warrant. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
As stated by the Ohio Supreme Court in State v. Dennis
(1997), 79 Ohio St.3d 421, 426:
 "Fourth Amendment rights are personal in nature and may not be vicariously asserted by others. (Citations omitted.) A defendant bears the burden of proving not only that the search was illegal, but also that he had a legitimate expectation of privacy in the area searched. (Citation omitted.)
 "Dennis has failed to show that he had a reasonable expectation of privacy in Morgan's residence. While an overnight guest has standing to challenge the legality of a search, (Citation omitted.) there was no evidence that Dennis stayed overnight or that he was residing at Morgan's home at the time of the search. * * *
 "Dennis has failed to demonstrate that he had standing to object to the warrant or subsequent search. (Citation omitted.) * * *"
After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to file any motions testing the sufficiency of the warrant.
In the third instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to inquire on voir dire into potential race bias. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
Trial counsel does have a duty to conduct an adequate voir dire. In this case, counsel did not violate that duty. Trial counsel is given broad discretion in how to conduct voir dire and into what areas to inquire. Such discretion falls into the category of "trial tactics." State v. Clayton (1980), 62 Ohio St.2d 45,48. Trial counsel must use judgment in questioning about prejudice or bias, an issue that could insult potential jurors. A reviewing court should not substitute its judgment for that of trial counsel. As noted by the court in State v. Clayton,Id. at 49, "`debatable trial tactics' do not `constitute a deprivation of the effective assistance of counsel.'" After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to inquire on voir dire into potential race bias.
In the fourth instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to require an adequate foundation for admission of photographs. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
Appellant argues that trial counsel failed to require any foundation for who took the photographs or created the sketch or when. Evid.R. 901(A) provides:
 "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
At trial, one detective testified that the photographs fairly and accurately depicted the scene as the officer observed it on the day of the raid. As noted in State v. Brooks (1995), 101 Ohio App.3d 260,264, in regard to the same foundation testimony:
 "* * * Such evidence is sufficient to support a finding that the photographs in question are what the proponent claims, photographs of the crime scene. The threshold standard for authentication in Evid.R. 901 was satisfied in this case. 2 Weissenberger, Ohio Evidence (Rev. 1988) 13-14, Section 901.16.
After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to require an adequate foundation for admission of photographs.
In the fifth instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to protect the record adequately through proper objections to leading or speculative questions. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
Evid.R. 611(C) states:
 "(C) Leading questions. Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily leading questions should be permitted on cross-examination. * * *" (Emphasis added.)
It is within the discretion of the trial court to permit the state to ask leading questions of its own witnesses. State v. Miller
(1988), 44 Ohio App.3d 42, 45; State v. Madden (1984), 15 Ohio App.3d 130,133. As the court in State v. Miller,44 Ohio App.3d at 45, noted: "[t]he exception `except as may be necessary to develop his testimony' is quite broad and places the limits upon the use of leading questions on direct examination within the sound judicial discretion of the trial court." This form of questioning is routinely allowed and any objection undoubtedly would have been overruled. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure object to the prosecutor's questioning.
In the sixth instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to treat him with dignity. Specifically, appellant argues that his trial counsel insulted his intelligence during her questioning of one of the detectives.[1] This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
The standard of review in ineffective assistance of counsel cases is limited concerning questions of trial strategy. Furthermore, appellant's claim of ineffective assistance of counsel does not provide this court with carte blanche review of the trial tactics employed by counsel. If appellate courts second-guessed every strategy employed at each phase of a jury trial, the process of truth-seeking would grind to a halt. It is apparent upon reading the entire transcript that during the cross-examination of the police detective cited by appellant, appellant's trial counsel was not mocking the intelligence of her client. Rather, the cross-examination of the police detective was one in which people in general were discussed; the exchange did not specifically refer to appellant. Cross-examination always entails a degree of risk. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to treat him with dignity.
In the seventh instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to adequately develop the theory of the case. Specifically, appellant argues that his trial counsel did very little to develop the defense of mistaken identity. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
At trial, appellant's trial counsel developed a consistent defense theory that appellant was innocent and another suspect, the third man to exit the house, was guilty. Appellant's trial counsel focused on developing this theory of mistaken identity. Appellant's conviction demonstrates that the jury simply accepted the state's interpretation of the evidence, and rejected the theory presented by the defense. Appellant's trial counsel's performance did not fall "below an objective standard of reasonable representation." State v. Bradley, 42 Ohio St.3d 136, paragraph two of the syllabus. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to adequately develop the theory of the case.
In the eighth instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to exploit chain of custody deficiencies. Specifically, appellant argues that his trial counsel failed to exploit the fact that there was no testimony concerning who transferred the plastic baggie to the police property room. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
One of the police detectives testified that he recovered the plastic baggie at the crime scene and turned it over to the lead investigator at the crime scene who takes care of the evidence. The individual from the Toledo police forensic laboratory who conducted the chemical analysis on the drugs contained in the plastic baggie testified that, after receiving the request form from the detective on the case, he obtained the plastic baggie from the property room when he gave them a copy of the request. He identified the plastic baggie which he resealed, after completing his analysis, and on which he placed his initials.
A chain of custody may be established by direct testimony or by inference. State v. Conley (1971), 32 Ohio App.2d 54,62. It is well-settled that any break in the chain of custody goes to the credibility, or weight, of the evidence and not to its admissibility. State v. Barzacchini (1994), 96 Ohio App.3d 440,458. Although the lead investigator at the crime scene did not testify at trial, it would be a reasonable inference that she transferred the plastic baggie to the property room. Even if there was a gap in the chain of custody, this becomes a credibility, or weight, of the evidence issue for the jury to resolve. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to exploit chain of custody deficiencies.
In the ninth instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to protect the appellant's right to appear in street clothing before a jury. Specifically, appellant argues he was entitled to appear in street clothing in his booking photograph that was an exhibit at trial. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
In support of this argument, appellant cites Estelle v.Williams (1976), 425 U.S. 501, 504. In Estelle, the United States Supreme Court held that an accused should not be compelled to stand trial in identifiable prison clothes because the presumption of innocence might be impaired. Appellant argues that the right established in Estelle "suggests that it was prejudicial error to have the jury see photos of the others with him in personal clothing but he, alone, in the same jail clothing as a convicted criminal." Appellant cites no case law to support the extension of the Estelle right not to stand trial in identifiable prison clothes to a right not to appear in a photograph in jail clothing. This court has found no such case law and, after reviewingEstelle, does not believe that such a right exists. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to protect the appellant's right to appear in street clothing before a jury.
In the tenth instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel failed to object to the admission of exhibits. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
It is well settled that trial counsel's failure to make objections are "within the realm of trial tactics" and do not establish ineffective assistance of counsel. State v. Hunt
(1984), 20 Ohio App.3d 310, 311. In State v. Hunt, the appellate court noted that the "mere failure to make objections which seem appropriate after the fact does not establish prejudicial error as a deprivation of the Sixth Amendment right to counsel. (Citation omitted.)" Id. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the argued failure to object to the admission of exhibits.
In the eleventh instance cited as ineffective assistance of trial counsel, appellant argues that his trial counsel erred in the closing argument. Specifically, appellant argues that trial counsel failed to expound on the weaknesses in the state's case. This court cannot find that appellant's trial counsel was ineffective in her representation in this argued instance.
Appellant has failed to establish that trial counsel's performance fell below the objective standard of reasonable representation. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in her representation in the closing argument.
It is an elemental proposition of law that parties are granted considerable latitude in closing arguments. State v. Frazier
(1995), 73 Ohio St.3d 323, 341; State v. Loza (1994),71 Ohio St.3d 61, 78. Moreover, in reviewing claims of ineffective assistance of counsel, appellate courts are admonished to be highly deferential, indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and refrain from second guessing strategic decisions of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558;State v. Bradley (1989), 42 Ohio St.3d 136, 142. This last point is particularly significant as trial tactics are generally not subject to question by a reviewing court. State v. Fryling
(1992), 85 Ohio App.3d 557, 562. The decisions made regarding closing argument by trial counsel in the case sub judice were legitimate trial tactics. This court will not resort to micro-management of closing arguments by trial lawyers.
Appellant has not met the burden of proving that his trial counsel was ineffective. Furthermore, appellant has failed to show that his trial counsel's actions or inactions were prejudicial. In order to prevail on this assignment of error, appellant must show that "* * * there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. * * *" Strickland v. Washington (1984), 466 U.S. 668, 669. The Strickland court refused to adopt a flat rule on what investigation is necessary noting that "If counsel does not conduct a substantial investigation into each of several plausible lines of defense, assistance may nonetheless be effective. * * *"Id. at 681.
In its opinion in State v. Bradley (1989), 42 Ohio St.3d 136,146-147, the Ohio Supreme Court, quoting fromStrickland, supra, at 694, noted:
 "* * * The alleged errors constituting ineffective assistance of counsel, even when viewed cumulatively, do not, in our view, show `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' * * *"
After a careful review of the record, we are not convinced that the trial result would have been any different had counsel conducted the trial in the ways now argued by appellant. Counsel vigorously cross-examined the witnesses and pursued the theory of mistaken identity. Appellant has failed to prove that his counsel fell below an objective standard of reasonable representation, and has failed to show any prejudicial result. Furthermore, "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. * * *" Strickland, 466 U.S. at 700. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in violating the separation of witnesses order by permitting a subsequent witness to see and use the same exhibit that a prior witness had marked. This court finds no merit in this assignment of error.
Evid.R. 615, requires the court, on its own motion, or that of any party to "order witnesses excluded so that they cannot hear the testimony of other witnesses." Basically, Evid.R. 615 serves a number of purposes: (1) to prevent witnesses who have already testified from discussing testimony in courtroom events with those who have not; (2) to keep witnesses out of the courtroom before testifying; and (3) to prevent counsel from discussing evidence with witnesses who have not testified. These purposes, in turn, serve to aid in exposing of inconsistencies in testimony and to prevent witnesses from shaping their testimony to that of other witnesses. State v. Waddy (1992), 63 Ohio St.3d 424,434.
In the case sub judice, the use by a subsequent witness of an exhibit marked by a prior witness did not violate any of the purposes of Evid.R. 615. The two witnesses were asked different questions about the photograph. Moreover, appellant pointed to no specific instances that suggest shaping of testimony by the witnesses. On the contrary, the minor inconsistencies in the testimony of these two witnesses would tend to show that the second detective to testify did not attempt to conform his testimony to that of the first detective. There has been no showing that the witness's testimony would have been different but for the use of the previously marked exhibit.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED
 Peter M. Handwork, P.J., James R. Sherck, J.,Richard W. Knepper, J., concur.
[1] The following is the section of the trial transcript from which appellant raises his argument:
"Q. Did you know what it was when it was coming at you?
 "A. Did I know it was crack cocaine, no. Did I know it was suspected crack cocaine, yes.
"Q. As opposed to anything else?
 "A. As opposed to flour or salt or something like that, no.
"Q. As opposed to —
 "A. In my experience, when we are executing warrants, people run out there throwing contraband, weapons.
"Q. Do they always throw it at the police?
"A. I'm sorry.
"Q. Do they always throw it at your face?
"A. Several times, yes.
"Q. Okay.
"A. They try to get rid of it any way they can.
"Q. Not very bright, is it? * * *"
Although appellant cited less in his brief than what appears above, this court believes that full context demonstrates that trial counsel was not insulting appellant's intelligence.