THE STATE OF OHIO, APPELLANT, *v.* DILLEY, APPELLEE.

[Cite as State *v.* Dilley (1989), 47 Ohio St. 3d 20.]

(No. 88-1710—Submitted September 20, 1989—Decided November 22, 1989.)

*W. Allen Wolfe,* prosecuting attorney, *Mark C. Fleegle* and *D. Michael Haddox,* for appellant.

*Coffman, Lewis, Stubbins, Graham & Co., L.P.A., Mark W. Stubbins* and *Brent A. Stubbins,* for appellee.

*Randall M. Dana,* public defender, and *Gregory L. Ayers,* urging affirmance for *amicus curiae,* Ohio Public Defender Commission.

ALICE ROBIE RESNICK, J. The sole issue presented in this case is whether a specification contained in R.C. 2941.143 can be added to an indictment by amendment pursuant to Crim. R. 7(D).

The appellant asserts that since the prior conviction specification of R.C. 2941.143 does not change the name or identity of the crime charged, and because this amendment to the in-

dictment was not presented to the jury during trial, the appellee has not suffered any prejudice. Therefore, the appellant contends that the amendment was proper pursuant to Crim. R. 7(D).

In order to resolve this issue it is necessary to consider R.C. 2941.143 as a whole and attempt to ascertain the legislative intent in enacting the statute. R.C. 2941.143 provides in pertinent part:

"Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded *unless the indictment,* count in the indictment, or information charging the offense *specifies either* that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, *or that the offender has previously been convicted of or pleaded guilty to an offense of violence. Such a specification shall be stated at the end of the body of the indictment,* count, or information and shall be in substantially the following form:

" '*Specification (or, Specification to the First Count). The grand jurors* (or insert the person's or the prosecuting attorney's name when appropriate) *further find and specify that* (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that *the offender has*

*previously been convicted of or pleaded guilty to an offense of violence).' "* (Emphasis added in part.)

A review of this statute reveals that there is more than one specification contained therein. One of these specifications is generally referred to as the "gun specification." It is readily apparent that a gun specification could not be added to an indictment by amendment pursuant to Crim. R. 7(D) since it would indeed change the identity or nature of the offense.[2] Furthermore, the wording chosen by the General Assembly would indicate that this statute was not meant to be divisible, that is, permitting amendment to the indictment pursuant to Crim. R. 7(D) as to one specification but not the others. Rather, it is quite clear that the General Assembly intended that a person receive an indefinite sentence only if the procedure in R.C. 2941.143 was followed.

The above statute contains the verb "shall." Pursuant to well-established rules of construction, the statute is deemed to be mandatory. *Malloy* v. *Westlake* (1977), 52 Ohio St. 2d 103, 6 O.O. 3d 329, 370 N.E. 2d 457. Therefore, the General Assembly has provided the courts with clear guidance in carrying out the intent of the statute. Further evidence of the General Assembly's intention concerning R.C. 2941.143 may be found in R.C. 2929.11(G), which states in full:

*"No person shall be sentenced* pursuant to division (B)(6) or (7) of this section *to an indefinite term of imprisonment* for a felony of the third or

---

[2] See *State* v. *O'Brien* (1987), 30 Ohio St. 3d 122, 30 OBR 436, 508 N.E. 2d 144, wherein this court stated, at paragraph two of the syllabus:

"An indictment, which does not contain all the essential elements of an offense, may

be amended to include the omitted element, if the name or the identity of the crime is not changed, and the accused has not been misled or prejudiced by the omission of such element from the indictment. (Crim. R. 7[D], construed and applied.)"

fourth degree *unless the indictment,* count in the indictment, or information charging him with the offense *contains a specification as set forth in section 2941.143* of the Revised Code." (Emphasis added.)

When reading these two code sections together, we reach the inescapable conclusion that, if facts of the case so warrant, R.C. 2941.143 mandates the state to-include in the indictment itself the specifications contained in R.C. 2941.143.

As stated above, the statute is mandatory, and unmistakably addresses more than one specification. There is no conflict between Crim. R. 7(D) and R.C. 2941.143 for the reason that Crim. R. 7(D) has no application to this case. Once the state seeks to have an indictment include one of the specifications contained in R.C. 2941.143, it must do so in accordance with the clear mandates of that statute. The state's argument is thus without merit.[3]

In addition, the appellant strenuously submits that in this case, the appellee suffered no prejudice when the state amended the indictment to include a prior conviction specification because appellee was well aware of his prior record and convictions. Furthermore, the appellant points out that evidence of the prior convictions was not presented to the jury, hence the appellee suffered no prejudice. Lastly, the appellant suggests that there was no change in defense trial strategy after the state added the specification, and that even if there was, the appellee could have requested a continuance under Crim. R. 7(D).

At trial, Dilley presented an alibi defense. Whether the appellant is correct in its assertion that Dilley's trial strategy was not altered does not control our decision today. The appellee's strategy at trial is irrelevant because R.C. 2941.143 provides for a mandatory procedure and if this procedure is not followed, an indefinite sentence is precluded. In general terms, whether Dilley suffered prejudice because of the amendment to the indictment has no bearing on the resolution of this case. R.C. 2941.143 is mandatory and cannot be circumvented in this manner. While the record of this case does not blatantly suggest prosecutorial abuse, to permit such amendments could possibly lead to such abuse, and intervention by the grand jury process is thus necessary.

We therefore hold that the state may not amend an indictment so as to include a specification contained in R.C. 2941.143 without first presenting the specification to the grand jury or following the other alternatives contained therein. The state may not avoid

---

[3] In conjunction with this argument, the state asserts that R.C. 2941.30 also allows amendments to an indictment, both in form and substance, and at any stage of the proceedings. Thus, the state concludes that R.C. 2941.143 is in conflict with R.C. 2941.30 as well as Crim. R. 7(D). We note that R.C. 2941.30 is virtually identical to Crim. R. 7(D). Indeed, it is a mere codification of Crim. R. 7(D). Hence, R.C. 2941.30 is equally inapplicable to the present case. The state also cites *State* v. *O'Brien, supra,* and *State* v. *Allen* (1987), 29 Ohio St. 3d 53, 29 OBR 436, 506 N.E. 2d 199, in support of its argument that Crim. R. 7(D) permits amendments of this nature. *O'Brien* dealt with issues directly related to the interpretation of Crim. R. 7(D), which, as stated previously, does not apply to this case. In *Allen,* this court ruled that when a prior conviction serves only to enhance the penalty and does not affect the degree of the offense, the prior conviction is not an element of the offense. Consequently, these cases are not determinative of the issue presently before this court, and our holdings therein remain undisturbed.

the clear mandates of R.C. 2941.143 and circumvent the grand jury process, as was done in this case.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.