The STATE of Ohio, Appellee,

v.

FRYLING, Appellant.

[Cite as *State v. Fryling* (1992), 85 Ohio App.3d 557.]

Court of Appeals of Ohio,
Logan County.

No. 8–92–17.

Decided Dec. 16, 1992.

*Gerald L. Heaton,* for appellee.

*David A. Fryling, pro se.*

SHAW, Judge.

This is an appeal by defendant-appellant, David A. Fryling, from the April 2, 1992 judgment of the Logan County Court of Common Pleas, denying defendant's petition for post-conviction relief filed pursuant to R.C. 2953.21.

Defendant was indicted on January 25, 1991 for robbery in violation of R.C. 2911.02, for breaking and entering in violation of R.C. 2911.13, and for abuse of a corpse in violation of 2927.01(A). Defendant had previously been convicted of an offense of violence, but the grand jury indictment contained no specification in this regard.

Defendant was arraigned on January 30, 1991 and pled not guilty. Counsel was appointed to represent defendant. On March 1, 1991, pursuant to an agreement with the prosecutor, defendant withdrew his initial plea and then pled guilty to the count of the indictment for breaking and entering, which had been amended, by agreement in court, to include a specification that defendant had previously been convicted of a crime of violence.[1]

The trial court found defendant guilty as charged. Pursuant to the plea bargain, the other two counts of the indictment were dismissed by the state. After a June 10, 1991 sentencing hearing, defendant was sentenced to two to five years' imprisonment, with credit for time served.

Defendant, *pro se,* subsequently filed a "petition to correct an illegal sentence" in the trial court, seeking post-conviction relief. The trial court denied the petition on April 2, 1992.

Defendant thereafter brought the instant appeal, also *pro se,* raising the following two assignments of error:

---

1. We note that defendant, in his brief, states that the indictment was amended "[o]n or about June 10, 1991, at the sentencing hearing." However, it is clear from the record, particularly from defendant's petition to enter a guilty plea, filed March 1, 1991, and from the trial court's entry, filed April 3, 1991, that the indictment was amended at the time defendant changed his plea, which was March 1, 1991.

"I. Trial court erred to the prejudice of the defendant when it imposed an enhanced penalty for a fourth degree felony when the indictment did not contain a specification pursuant to O.R.C. 2941.143, an infraction of the 5th and 14th [Amendments to the] U.S. Constitution.

"II. Trial counsel was ineffective at the stage of sentencing for failure to object to an enhanced penalty and a legally voidable ab initio sentence, an infraction of the 5th, 6th, 8th, and 14th [Amendments to the] U.S. Constitution."

In his first assignment of error, defendant takes issue with the enhanced penalty imposed by the trial court. As noted, defendant pled guilty to breaking and entering, in violation of R.C. 2911.13, which is a fourth degree felony.

R.C. 2929.11 sets forth the penalties for felonies and R.C. 2929.11(D) provides, in pertinent part:

"Whoever is convicted of or pleads guilty to a felony of the * * * fourth degree * * * and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term * * *.

" * * *

"(2) For a felony of the fourth degree, the term shall be six months, one year, or eighteen months."

If the R.C. 2929.11(D) exception does not apply, R.C. 2929.11(A) provides for an indefinite term of imprisonment in accordance with the terms set forth in R.C. 2929.11(B).

R.C. 2929.11(B)(7) provides:

"For a felony of the fourth degree, the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years."

R.C. 2929.11(G) then provides, in pertinent part:

"No person shall be sentenced pursuant to division (B) * * * (7) of this section to an indefinite term of imprisonment for a felony of the * * * fourth degree unless the indictment, count in the indictment, or information charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

Finally, R.C. 2941.143 provides, in pertinent part:

"Imposition of an indefinite term pursuant to division (B) * * * (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies * * * that the offender has previously been convicted of or pleaded guilty to an offense of violence."

In the case before us, defendant was sentenced to an indefinite term of two to five years pursuant to R.C. 2929.11(B)(7), as the indictment had been amended to include the previous conviction specification in accordance with R.C. 2929.11(G) and 2941.143.

Defendant argues that the trial court erred in amending the indictment in open court, without presenting it to the grand jury. In support of his contention, defendant cites *State v. Dilley* (1989), 47 Ohio St.3d 20, 546 N.E.2d 937.

In *Dilley,* the defendant was indicted for trafficking in marijuana, a fourth degree felony. He pled not guilty. Then, immediately prior to trial, the state made an oral motion pursuant to Crim.R. 7(D) to amend the indictment to include a prior conviction specification, as set forth in R.C. 2941.143. Dilley objected, but the motion to amend the indictment was granted by the trial court. Dilley was subsequently convicted after a trial by jury and then sentenced to an indefinite sentence of three to five years.

The sole issue before the Supreme Court of Ohio in *Dilley* was whether a specification contained in R.C. 2941.143 can be added to an indictment by amendment pursuant to Crim.R. 7(D).

Crim.R. 7(D) provides, in pertinent part:

"The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

In *Dilley,* the state argued that Crim.R. 7(D) enables a trial court, in open court upon an oral motion, to amend an indictment to include an R.C. 2941.143 prior conviction specification, resulting in an enhanced sentence under R.C. 2929.11, without involving the grand jury.

The Supreme Court disagreed, and held as follows:

"The state may not amend an indictment pursuant to Crim.R. 7(D) so as to include a specification contained in R.C. 2941.143 without first presenting the specification to the grand jury or following the other alternatives contained in R.C. 2941.143." *Dilley* at the syllabus.

While the rule in *Dilley* is clear and the facts are similar to those here, we believe that the case *sub judice* is distinguishable. The key distinction is that defendant Dilley's case was proceeding to trial and, particularly, that Dilley

objected to the amendment of the indictment by the trial court. In the instant case, the prior conviction specification was added *by agreement*, pursuant to a plea bargain.

■ The record in the case before us reveals that defendant signed a written petition acknowledging his informed and voluntary choice to enter the guilty plea. Defendant further acknowledged in writing, prior to changing his plea, that he was aware that the maximum punishment was five years in prison. Defendant attested in writing that he understood that his guilty plea was based on an agreement, pursuant to which the state would dismiss two counts of the indictment in exchange for his guilty plea to the third count for breaking and entering.

Additionally, the trial court's April 3, 1991 judgment entry details the court proceedings which occurred March 1, 1991, when defendant entered his guilty plea. The trial court noted that, after discussion between the parties, the agreed-upon specification was added to the indictment, and that defendant was advised of the nature of the charge and of the maximum penalty. Upon finding that defendant was fully informed of his rights and of the prospective effect of his proffered guilty plea, the court accepted the plea.

Therefore, based on these facts, we find that defendant made an informed and voluntary waiver of his right to have the specification presented to the grand jury for consideration. For this reason, we believe defendant's reliance on *Dilley* is misplaced.

Moreover, to interpret *Dilley* as an absolute bar to the use of an R.C. 2941.143 specification without grand jury participation would preclude the inclusion of such a specification in a bill of information. However, this is clearly an option under R.C. 2941.143 and appears to be one of the "alternatives" referenced in *Dilley*.

We therefore hold that the trial court did not err in amending the indictment to include an R.C. 2941.143 specification, and bypassing the grand jury, as the change was made pursuant to a plea bargain in open court with the defendant's agreement after full disclosure. Accordingly, defendant's first assignment of error is overruled.

In his second assignment of error, defendant claims that he was denied effective assistance of counsel due to his attorney's failure to object to the enhanced penalty.

The Supreme Court of Ohio stated the standard to be applied in reviewing a claim of ineffective assistance of counsel in *State v. Hamblin* (1988), 37 Ohio St.3d 153, 155–156, 524 N.E.2d 476, 479, as follows:

"In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 301 [31 O.O.2d 567, 568, 209 N.E.2d 164, 166] * * *. The appellant bears the burden of proving that his trial counsel was ineffective. To carry this burden, appellant must show that counsel made errors so serious that counsel failed to function as the 'counsel' guaranteed by the Sixth Amendment. *Strickland v. Washington* (1984), 466 U.S. 668, 687 [104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693]. Appellant must also demonstrate that the deficient performance prejudiced his defense."

█ As we have found that the trial court had the authority under these circumstances to amend the indictment, the enhanced penalty was the proper one under R.C. 2929.11 and therefore not objectionable. Thus, counsel was certainly not ineffective for failing to object.

█ Moreover, defendant agreed to the enhanced sentence, on the advice of counsel, as part of a plea bargain, which resulted in the dismissal of the other two counts of the indictment. A reviewing court must accord deference to defense counsel's strategic choices. *Strickland v. Washington, supra,* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

In light of these considerations, defendant's second assignment of error is overruled.

In conclusion, defendant's assignments of error are both overruled, and the judgment of the trial court denying defendant's petition for post-conviction relief is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and EVANS, J., concur.