The STATE of Ohio, Appellee,

v.

CHILDRESS, Appellant.

[Cite as *State v. Childress* (1993), 91 Ohio App.3d 258.]

Court of Appeals of Ohio,
Shelby County.

No. 17–93–3.

Decided Oct. 22, 1993.

*James F. Stevenson,* Shelby County Prosecuting Attorney, and *Michael F. Boller,* Assistant Prosecuting Attorney, for appellee.

*Tony J. Childress, pro se.*

---

SHAW, Judge.

Defendant-appellant, Tony Childress, appeals the judgment of conviction and sentence entered against him in the Shelby County Court of Common Pleas, following defendant's plea of guilty to the charge of attempted abduction.

On March 26, 1992, defendant was indicted for attempted kidnapping in violation of R.C. 2923.02 and 2905.01, an aggravated felony of the second degree. On March 31, 1992, defendant, who was represented by counsel, pled not guilty and not guilty by reason of insanity.

On July 20, 1992, defendant filed a petition to enter a plea of guilty and a change-of-plea hearing was held. At that time, pursuant to a plea agreement with defendant, the state moved to amend the indictment to a charge of attempted abduction in violation of R.C. 2923.02 and 2905.02, a fourth degree felony, with the specification that a threat of physical harm had occurred during the offense, pursuant to R.C. 2941.143. Defendant then pled guilty to the

amended charge. Following an August 21, 1993 sentencing hearing, defendant was sentenced to a minimum of eighteen months and a maximum of five years in prison and was fined $1,000.

Defendant thereafter brought the instant *pro se* appeal, raising the following sole assignment of error:

"Defense counsel was ineffective for failing to object to an amendment to the indictment to add a specification not found by the grand jury, which severely prejudiced defendant at the sentencing phase of trial."

R.C. 2929.11 sets forth the penalties for felonies. R.C. 2929.11(D) provides, in relevant part:

"Whoever is convicted of or pleads guilty to a felony of the * * * fourth degree and did not, during the commission of that offense, * * * make an actual threat of physical harm to any person with a deadly weapon * * * shall be imprisoned for a definite term * * *.

" * * *

"(2) For a felony of the fourth degree, the term shall be six months, one year, or eighteen months."

If R.C. 2929.11(D) is not applicable, R.C. 2929.11(A) provides for an indefinite term of imprisonment in accordance with the terms set forth in R.C. 2929.11(B).

R.C. 2929.11(B)(7) provides:

"For a felony of the fourth degree, the minimum term shall be eighteen months, two years, thirty months, or three years, and the maximum term shall be five years."

R.C. 2929.11(G) then provides, in relevant part:

"No person shall be sentenced pursuant to division (B) * * * (7) of this section to an indefinite term of imprisonment for a felony of the * * * fourth degree unless the indictment * * * charging him with the offense contains a specification as set forth in section 2941.143 of the Revised Code."

Finally, R.C. 2941.143 provides, in relevant part:

"Imposition of an indefinite term pursuant to division (B) * * * (7) of section 2929.11 of the Revised Code is precluded unless the indictment * * * charging the offense specifies * * * that, during the commission of the offense, the offender * * * made an actual threat of physical harm to any person with a deadly weapon * * *."

In the case *sub judice*, defendant was sentenced to an indefinite term of eighteen months to five years pursuant to R.C. 2929.11(B)(7), as the indictment had been amended to include the threat of physical harm specification in

accordance with R.C. 2929.11(G) and R.C. 2941.143. Had the specification not been added, defendant would have been eligible for a definite term of six months, one year or eighteen months, pursuant to R.C. 2929.11(D)(2).

On appeal, defendant asserts that his trial counsel was ineffective in failing to object to the amendment of the indictment. As defendant correctly notes, the Supreme Court of Ohio, in *State v. Dilley* (1989), 47 Ohio St.3d 20, 546 N.E.2d 937, held that an indictment may not be amended in open court upon the state's request so as to include an R.C. 2941.143 specification without first presenting the matter to the grand jury.

However, in *State v. Fryling* (1992), 85 Ohio App.3d 557, 620 N.E.2d 862, this court distinguished the situation, such as the present one, where the defendant agreed to the amendment pursuant to a plea bargain, from the situation in *Dilley,* where the defendant objected to the amendment and the case was proceeding to trial. In *Fryling,* we held that an indictment may be amended to include an R.C. 2941.143 specification without returning the matter to the grand jury where the amendment was made pursuant to a plea bargain in open court with the defendant's voluntary agreement after full disclosure.

In the instant case, defendant signed a written petition acknowledging that it was defendant's informed and voluntary choice to enter the guilty plea. Defendant acknowledged in writing his understanding that his guilty plea was based on an agreement whereby, in exchange for the guilty plea, the charge would be amended to a fourth degree felony and that the maximum punishment was one and one-half years to five years in prison.

Moreover, a review of the transcript of the July 20, 1992 change-of-plea hearing reveals that defendant was fully informed of the nature of the charge, including the specification, and the maximum penalty. As to the specification, the following exchange took place between the trial judge and defendant:

"The Court: Then I'll ask you for the record, Mr. Childress, you pled guilty to the charge, but the charge carries with it a specification that there was a threat of physical harm to another. Are you an [*sic*] also pleading guilty to the specification?

"Mr. Childress: I wasn't aware of that, Your Honor.

"The Court: Well, that's—that's part of the plea bargain negotiation; and, yes, that's a specification. That's what makes it an indefinite sentence. That's what takes it from a minimum of 18 months to three years to five years, and it's that specification that does that. So I want you to be fully aware of that and I want to make sure that you're also pleading guilty to that specification. Is that what you're doing here today?

"Mr. Childress: Yes, sir, Your Honor.

"The Court: And you're doing this voluntarily and you've had this explained to you by your attorney?

"Mr. Childress: Yes, sir."

Accordingly, we find that the amendment of the indictment in this case was proper and not in violation of the rule set forth in *State v. Dilley, supra,* as the defendant here knowingly and voluntarily assented to the amendment pursuant to a plea agreement with the prosecution.

Having established that the amendment of the indictment was not in and of itself objectionable, we must still review the plea arrangement in light of defendant's claim of ineffective assistance of counsel.

The test for determining if a defendant was denied the effective assistance of counsel is whether counsel's performance was deficient and whether the defendant was prejudiced as a result of the deficient performance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In Ohio, an attorney is presumed competent and the burden is upon the defendant to establish that effective assistance of counsel has been denied. See *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128.

In this case, defendant was originally indicted for attempted kidnapping, an aggravated second degree felony. Pursuant to R.C. 2929.11(B)(2), the lightest possible sentence for an aggravated felony of the second degree is a minimum term of three years' actual incarceration and a maximum term of fifteen years. However, as a result of the plea bargain arranged by defendant's attorney, defendant received a sentence of eighteen months to five years. Defendant does not maintain that a more favorable result could have been obtained had the case proceeded to trial on the original charge.

A complete review of the record reveals nothing which supports defendant's claim that his counsel's performance was deficient. Moreover, defendant has failed to establish that he was prejudiced in any way by the action or inaction of his attorney.

Accordingly, defendant's assignment of error is overruled and the judgment of conviction and sentence entered in the Shelby County Court of Common Pleas is affirmed.

*Judgment affirmed.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.