OPINION
This is a delayed appeal. Statutory references are to statutes in effect during the time that the operative events occurred in the trial court.
On November 18, 1993, an eighteen count indictment was filed charging Kenneth Pigg with six counts of forcible rape of a child under thirteen years of age, six counts of sexual battery, and six counts of gross sexual imposition. The rape charges were aggravated felonies of the first degree carrying penalties of life imprisonment. R.C. 2907.02(A)(1)(b), (B). The sexual and gross sexual imposition charges were third degree felonies carrying penalties of a definite sentence of 1, 1 1/2, or 2 years. R.C.2929.11(D)(1). On January 13, 1994, Pigg appeared with counsel in open court. Count three charging gross sexual imposition was amended by agreement of the State, Pigg, and Pigg's counsel to provide that he had previously been convicted of an offense of violence. This amendment made the potential sentence 2, 2 1/2, 3 or 4 to 10 years — R.C. 2929.11(B)(6) — rather than the definite sentence of up to two years. In return for Pigg's plea of guilty to amended Count three, the remaining seventeen counts were dismissed. On February 18, 1994, Pigg was sentenced to 4 — 10 years imprisonment.
On August 20, 1998, Pigg began his efforts to appeal from the judgment of conviction and sentence. We allowed his late appeal November 2, 1998, and appointed counsel to prosecute the appeal January 13, 1999. Counsel filed an Anders brief April 12, 1999, and following notice to that effect, Pigg filed his pro se brief May 19, 1999, wherein he asserts an assignment of error as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT APPELLANT WHEN IT PERMITTED THE STATE OF OHIO TO AMEND THE APPELLANT'S INDICTMENT IN OPEN COURT TO INCLUDE A PRIOR OFFENSE OF VIOLENCE SPECIFICATION WITHOUT FIRST RETURN TO THE GRAND JURY.
 A. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE PLEA AND SENTENCING STAGES OF THE PROCEEDINGS.
Pigg contends on appeal that the amendment of Count three so as to make him subject to an indefinite, rather than a definite, sentence was unauthorized, and that he should have been given a definite sentence. He relies on State v. Dilley (1989), 47 Ohio St.3d 20, which provides at the syllabus:
 The state may not amend an indictment pursuant to Crim.R. 7(D) so as to include a specification contained in R.C. 2941.143 without first presenting the specification to the grand jury or following the other alternatives contained in R.C. 2941.143.
The facts of this case differ significantly from the facts inDilley. In that case, the State sought, immediately before trial,and over the defendant's objection, to amend the indictment to include a prior conviction specification. The trial court permitted the amendment. The court of appeals found error, reversed, and remanded for re-sentencing. The supreme court affirmed the court of appeals. Here, the amendment of Count three was with the consent of Pigg and his counsel and conditioned upon the agreement of the State, upon Pigg's guilty plea to the amended count, to dismiss the remaining 17 counts, six of which carried life sentences. R.C. 2941.143 requires that the specification be contained in the indictment or information. Although an information was not utilized in this case — see Crim.R. 7(A) — the defense agreement to the amendment of Count three, together with the State's agreement to dismiss the remaining seventeen counts, is the type of plea bargaining that typically precedes a plea of guilty to an information.
In our judgment, Pigg waived the protection of R.C. 2941.143
by his consent to the amendment. There is no reason to insist upon rigorous adherence to the requirements of R.C. 2941.143 (and R.C. 2929.11[G]) where Pigg's consent to the amendment was so obviously to his own advantage. Nor was Pigg's trial counsel, on this record, anything but effective.
In two opinions written by Judge Shaw on facts similar to those here, the third appellate district has come to the same conclusion that we do here. State v. Fryling (1992), 85 Ohio App.3d 557;State v. Childress (1993), 91 Ohio App.3d 258.
In our judgment, Pigg's pro se assignment of error lacks arguable merit. Furthermore, our independent review of the entire record reveals no other arguably meritorious appellate argument.
The assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and KOEHLER, J., concur.
(Hon. Richard N. Koehler sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
Jack W. Whitesell, Jr., Cathy J. Weithman, Kenneth S. Pigg Hon. Roger B. Wilson