DECISION AND JUDGMENT ENTRY
This case is before the court following the judgment of the Lucas County Court of Common Pleas which found defendant-appellant, Lawrence Kelley, III, guilty of failing to appear for a scheduled court date, in violation of R.C. 2937.29 and 2937.99(A).
The following facts are relevant to this appeal. On December 11, 1998, appellant was indicted on one count of failure to appear, in violation of R.C. 2937.29 and R.C. 2937.99(A). The indictment alleged that appellant:
 "[O]n or about the 20th day of November, 1998, in Lucas County, Ohio, after being released by the court on his own recognizance, did fail to appear as required by such recognizance, and the release was in connection with a charge of the commission of a felony or pending appeal after conviction of a felony, in violation of §§ 2937.29 .99(A) OF THE OHIO REVISED CODE, FELONY RELEASE ON OWN RECOGNIZANCE VIOLATION, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio."
Appellant entered a not guilty plea on January 29, 1999. On October 25, 1999, appellant withdrew his not guilty plea and entered a plea of no contest to the charge in the indictment. At the plea hearing, the state proffered that, had it maintained its burden of proof,
 "[t]he State would be able to show that on or about the 20th day of November, 1998, that the defendant in case number 98-2789 did not appear in court after having been released by his own recognizance bond on November 13, 1998, by Judge Wittenberg, having not appeared in court on the 20th day of November, 1998, violated the OR bond felony section number 2937.29 of the Ohio Revised Code, a felony of the third degree."
Thereafter, on November 24, 1999, the trial court found appellant guilty and sentenced him to one year of imprisonment. This appeal was timely filed. Appellant now raises the following assignments of error:
"First Assignment of Error
 "The trial court erred by convicting Mr. Kelley when the evidence was insufficient to sustain a conviction for failure to appear. November 20, 1998 Indictment, T.p. (Oct. 25, 1999) 8.
 "Second Assignment of Error
 "The trial court, before accepting Mr. Kelley's no-contest plea, erred in failing to tell Mr. Kelley that he had the right to have a jury determine whether he acted recklessly. The plea was thus involuntary. T.p. (Oct. 25, 1999) 5-6.
 "Third Assignment of Error
 "The trial court erred by relying on a pre-sentence investigation report even though the defendant questioned the factual accuracy of the report. T.p. (Nov. 24, 1999) 18-25."
In his first assignment of error, appellant contends that the trial court committed reversible error by convicting appellant based upon insufficient evidence. Specifically, appellant argues that the requisite mental state of recklessness was not set forth in the indictment. Conversely, the state claims that failure to appear is a strict liability offense and, concomitantly, no culpability need be proven.
At the outset we must address the state's argument that by failing to move to dismiss the indictment or a new trial, appellant waived his right to appeal. We disagree. By entering a no contest plea a defendant does not admit his guilt; rather, he admits to the truth of the facts alleged in the indictment. Crim.R. 11(B)(2). A no contest plea preserves the issue of sufficiency of the indictment on appeal. State v. Luna (1996),96 Ohio App.3d 207, 209. Where one of the vital elements of an offense is omitted from the indictment, it is defective and cannot be cured by the trial court as such a procedure would permit the trial court to convict the accused on a charge different from that found by the grand jury. State v. Childs (2000), 88 Ohio St.3d 194, 198; Harris v. State
(1932), 125 Ohio St. 257, 264; State v. Wozniak (1961), 172 Ohio St. 517,520.
In any event, a defendant's failure to object to a defective indictment is not fatal. On appeal, Crim.R. 52(B) allows a reviewing court to address "plain error or defects affecting substantial rights * * * although they were not brought to the attention of the court." Surely, a violation of defendant's constitutional right to have all the elements of the offense charged set forth in the indictment, constitutes a defect affecting a substantial right. Prejudice need not be shown, especially in the context of a no contest plea, because a defective indictment is inherently prejudicial. State v. Pittman (Nov. 16, 1995), Cuyahoga App. No. 68163, unreported, citing State v. Dilley (1989), 47 Ohio St.3d 20;State v. Vitale (1994), 96 Ohio App.3d 695.
Turning to the merits of appellant's argument, appellant relies primarily on the recent Ohio Supreme Court decision in State v. Collins
(2000), 89 Ohio St.3d 524. In Collins, the court found that failure to follow a court-ordered child support order was not a strict liability offense, absent specific language in the statute of legislative intent to the contrary.[1] The court then, pursuant to R.C. 2901.21(B),[2]
implied a recklessness mental state. In making its determination, the court concluded:
 "It is not enough that the General Assembly in fact intended imposition of liability without proof of mental culpability. Rather, the General Assembly must plainly indicate that intention in the language of the statute." Id. at 530.
The court further reasoned:
 "Were we to accept the state's argument that public policy considerations weigh in favor of strict liability, thereby justifying us in construing R.C. 2919.21(B) as imposing criminal liability without a demonstration of any mens rea, we would be writing language into the provision which simply is not there — language which the General Assembly could easily have included, but did not." Id.
In the instant case, appellant was charged with R.C. 2937.29 which provides that "[a] failure to appear as required by such recognizance shall constitute an offense * * *." Reviewing the language of the statute, we find no indication that the legislature intended failure to appear to be a strict liability offense. Thus, as in Collins, recklessness is the culpable mental state we must employ. Because it is apparent from the record that the state neither alleged that appellant acted recklessly in the indictment, nor made any such indication at sentencing, we find that appellant's first assignment of error is well-taken.
In his second assignment of error, appellant argues that his plea was involuntary because the trial court failed to inform him of his right to have a jury determine whether he acted recklessly. Prior to accepting a no contest plea, a trial court must inform a defendant that he is waiving his right to a jury trial and the right to have all of the elements of the offense proven beyond reasonable doubt. See Crim.R. 11(C)(2)(c).
In our disposition of appellant's first assignment of error, we found that the indictment failed to provide the requisite mental state of recklessness. It follows, then, that the trial court, when informing appellant that his no contest plea waived his constitutional right to a jury trial and proof of guilt as to all the elements, necessarily failed to reference proof of the absent mental state. Accordingly, we find appellant's second assignment of error well-taken; we further find appellant's third assignment of error moot.
On consideration whereof, we find that substantial justice was not done the party complaining. The judgment of the Lucas County Court of Common Pleas is reversed and appellant's conviction is vacated. Court costs of this appeal are assessed to appellee.
James R. Sherck, J., Richard W. Knepper, J., CONCUR.
 ____________________________ Mark L. Pietrykowski, P.J.
JUDGE
[1] The statute at issue in Collins, R.C. 2919.21(B), provides:
 "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
[2] R.C. 2901.21(B) provides:
 "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."