DECISION.
 {¶ 1} Defendant-appellant Oludayo Ashipa pleaded guilty to two counts of theft, two counts of identity fraud, and one count of engaging in a pattern of corrupt activity. In the case numbered B-0401447, the trial court sentenced him to 17 months for one count of theft and to four years for one count of identity fraud, to be served concurrently. In the case numbered B-0403917, the trial court sentenced Ashipa to 17 months for one theft count, to four years for one identity-fraud count, and to six years for engaging in a pattern of corrupt activity, to be served concurrently. But the sentences in B-0403917 were otherwise made consecutive to the sentences in B-0401447. The total prison term imposed was ten years.
 {¶ 2} Ashipa appealed his convictions and sentences in December 2004.[1] This court concluded that, pursuant to our decision inState v. Montgomery,[2] the trial court had erred when it had sentenced Ashipa to more than the minimum prison term, and that the consecutive sentences were not supported by the record. We, therefore, reversed the trial court's sentences and remanded the case for resentencing.
 {¶ 3} Upon the state's motion, we stayed our decision pending the disposition of State v. Quinones[3] by the Ohio Supreme Court. Our judgment reversing Ashipa's sentences was affirmed by the Ohio Supreme Court, on the authority of State v. Foster.[4] On remand, the trial court held a new sentencing hearing on May 9, 2006. During the hearing, Ashipa orally moved to withdraw his guilty plea. The trial court overruled his *Page 3 
motion. The trial court then imposed the same sentences that it had originally imposed. Ashipa now appeals, raising eight assignments of error.
 {¶ 4} In his first assignment of error, Ashipa argues that the retroactive application of State v. Foster to his sentences violated both his due-process rights and the Ex Post Facto Clause of the United States Constitution. In his third assignment of error, Ashipa argues that the trial court erred to his prejudice when it failed to apply the rule of lenity. We overrule these assignments of error on the authority of State v. Braces[5] and State v. Lochett.[6]
 {¶ 5} In his second assignment of error, Ashipa argues that the trial court abused its discretion by denying his oral request to withdraw his guilty plea during the sentencing hearing.
 {¶ 6} While motions to withdraw guilty pleas before sentencing are to be freely granted and treated with liberality, the right to withdraw a guilty plea is not absolute.[7] In making its determination, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.[8] Thereafter, the decision to grant or deny the motion is within the sound discretion of the trial court.[9]
 {¶ 7} At the resentencing hearing, Ashipa orally moved to withdraw his plea in case number B-0401447. The trial court permitted Ashipa to explain his reasons for seeking to withdraw the plea. Ashipa argued that the state had improperly amended the indictment. The state responded that Ashipa should not be allowed to withdraw his *Page 4 
plea because he did not like the outcome of his case. The trial court then overruled Ashipa's oral motion.
 {¶ 8} Ashipa argues that the trial court erred in denying his motion without a full evidentiary hearing. But the record reveals that neither Ashipa nor his counsel was denied the opportunity to fairly state Ashipa's position before the trial court ruled on the motion. Furthermore, there is nothing in the record to suggest that the trial court did not give Ashipa's motion full and fair consideration before finding it meritless. Moreover, Ashipa has not demonstrated what evidence, if any, he would have presented if he had been afforded more of a hearing.
 {¶ 9} We additionally note that even though Ashipa invoked Crim. R. 32.1 in support of his oral motion to withdraw his guilty plea, he "did not expressly seek to withdraw his plea and go to trial."[10] Rather he argued that his sentence should be modified. Crim. R. 32.1 does not afford such relief.[11] Consequently, the trial court did not abuse its discretion in denying the motion without a full evidentiary hearing. We, therefore, overrule the second assignment of error.
 {¶ 10} In his fourth assignment of error, Ashipa challenges the trial court's imposition of consecutive sentences. He argues that because theft and identity fraud were the predicate offenses for the corrupt-activity charge, and because these offenses shared the same animus with the corrupt-activity offense, the trial court erred in imposing consecutive sentences.
 {¶ 11} The record reveals that the trial court sentenced Ashipa to concurrent sentences of 17 months for theft and four years for identity fraud in the case numbered B-0401447. Likewise, in the case numbered B-0403917, the trial court imposed concurrent sentences of 17 months for theft, four years for identity fraud, and six years *Page 5 
for engaging in a pattern of corrupt activity. The trial court made the sentences in B-0403917 consecutive to the sentences in B-0401447.
 {¶ 12} As the state points out, the offenses in the case numbered B-0401447 involved a different victim than the offenses in the case numbered B-0403917. Consequently, the trial court could have concluded that these offenses were committed separately and with a separate animus.[12] As a result, we cannot say that the trial court erred in imposing consecutives sentences. We, therefore, overrule the fourth assignment of error.
 {¶ 13} In his fifth assignment of error, Ashipa argues that the trial court erred to his prejudice when it imposed a "mechanical sentence" of ten years for violating Ohio's corrupt activity statute without regard to his personal criminal history, background, or character.
 {¶ 14} The record reveals, however, that the trial court imposed the same prison terms that it had previously imposed. The terms were within the statutory ranges for the counts Ashipa had pleaded guilty to. Moreover, the trial court articulated its reasoning for imposing those terms, which included weighing the specific facts of Ashipa's offenses and his personal history against the statutory factors in R.C. 2929.11
and 2929.12.[13] Consequently, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably in sentencing Ashipa. We, therefore, overrule his fifth assignment of error.
 {¶ 15} In his sixth assignment of error, Ashipa argues that the trial court erred in failing to orally advise him of the post-release-control sanctions involved in the case numbered B-0403917. *Page 6 
 {¶ 16} Both R.C. 2929.14(F) and R.C. 2967.28 require the trial court to impose a term of post-release control. The requirement must be satisfied at the sentencing hearing and in the court's journalized judgment. A sentence imposed contrary to that requirement is void.[14]
Moreover, when a trial court fails to include post-release control in its sentence, the remedy is to resentence the defendant.[15]
 {¶ 17} The sentencing entry contains no notification of post-release control in case number B-0403917. The state, furthermore, concedes that the trial court failed to orally notify Ashipa of post-release control in that case. As a result, we sustain the sixth assignment of error.
 {¶ 18} In his seventh assignment of error, Ashipa argues that changes in the sentencing laws by Foster rendered his pre-Foster guilty plea unknowing and involuntary. Ashipa contends that "he was substantially and materially prejudiced" when the trial court denied without a hearing his request to withdraw his guilty plea.
 {¶ 19} Ashipa, however, never moved to withdraw his guilty plea on this basis. Consequently, we cannot say that the trial court erred in failing to hold a hearing and to rule on an issue that was never before it. Furthermore, this court has recently held in Lochett that changes in the sentencing law announced by Foster do not render unknowing and involuntary a guilty plea that has been made voluntarily in light of the then applicable law.[16] Consequently, we overrule Ashipa's seventh assignment of error.
 {¶ 20} In his eighth assignment of error, Ashipa claims that the trial court erred by permitting the state to amend the indictments in both cases and that his counsel was ineffective for failing to object to these amendments. *Page 7 
 {¶ 21} Ashipa's argument lacks merit because he pleaded guilty to the amended indictments without objecting to the amendments.[17] Moreover, the amendments in both cases were in accordance with Crim. R. 7(D). The trial court addressed the amendments at the plea hearing, and Ashipa indicated that he understood the changes. Ashipa affirmatively stated that he was entering his plea of his own free will.[18] Because Ashipa cannot demonstrate that he was prejudiced by counsel's failure to object to the amendments, we cannot say that he received ineffective assistance from defense counsel.[19] As a result, we overrule his eighth assignment of error.
 {¶ 22} Having found merit only in Ashipa's sixth assignment of error, we vacate the sentence imposed by the trial court in the case numbered B-0403917 and remand that case for resentencing in accordance with the applicable sections of the Revised Code, including R.C. 2929.121.[20]
Having found no merit in Ashipa's other assignments of error, we affirm the trial court's judgment in all other respects.
HILDEBRANDT, P.J., and HENDON, J., concur.
[1] 1st Dist. Nos. C-040867, C-040868, and C-040890.
[2] 159 Ohio App.3d 752, 2005-Ohio-1018, 825 N.E.2d 250.
[3] 8th Dist. No. 83720, 2004-Ohio-4485, appeal granted,105 Ohio St.3d 1401, 2005-Ohio-286, 821 N.E.2d 1023.
[4] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 53-54.Quinones was consolidated with Foster for purposes of appeal.
[5] 1st Dist. No. C-060456, 2007-Ohio-175, at ¶ 6-13.
[6] 1st Dist. No. C-060404, 2007-Ohio-308, at ¶ 9-13.
[7] State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of syllabus.
[8] Id.
[9] Id.
[10] State v. Peoples, 1st Dist. No. C-050620, 2006-Ohio-2614, at ¶ 24.
[11] Id.
[12] See, e.g., State v. Caudill (Dec. 2, 1998), 3rd Dist. No. 5-97-35; State v. Haley (Mar. 30, 1994), 12th Dist Nos. 90-CA-79 and 90-CA-83.
[13] See State v. Mathis, 109 Ohio St.3d 54, 62, 2006-Ohio-855,846 N.E.2d 1, at ¶ 38; see, also, State v. Slone, 2nd Dist. No., 2005-CA-75,2007-Ohio-130.
[14] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, syllabus.
[15] State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 18-19; R.C. 2929.121.
[16] Lochett, supra, at ¶ 14-22.
[17] State v. Childress (1993), 91 Ohio App.3d 258, 261,632 N.E.2d 562; State v. Fryling (1992), 85 Ohio App.3d 557, 620 N.E.2d 862.
[18] State v. Spurling, 1st Dist. No. C-060087, 2007-Ohio-858, at ¶ 19.
[19] Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S.Ct. 366;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.
[20] See State v. Bankhead, 1st Dist. No. C-060480,2007-Ohio-1314. *Page 1