[Cite as *State v. Taylor*, 2022-Ohio-3754.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Earle E. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| ADAM TAYLOR, | : | | Case No. 21CA000023 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of Common Pleas, Case No. 2019 CR 020064

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 20, 2022

APPEARANCES:

For Plaintiff-Appellee           For Defendant-Appellant

CHARLES T. MCCONVILLE           APRIL F. CAMPBELL
Knox County Prosecutor           Campbell Law Firm, LLC
117 East High Street, Suite 234           46 1/2 Sandusky Street
Mount Vernon, Ohio 43050           Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}**     Appellant, Adam Taylor, appeals his conviction by the Knox County Court of Common Pleas. The State of Ohio is Appellee.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}**     Taylor was indicted on two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both felonies of the third degree. The indictment included a specification that "The Grand Jury further find(sic) and specify(sic) that Adam P. Taylor is a sexually violent predator." The trial court found him guilty on both counts and Taylor now argues that the verdict was not supported by sufficient evidence and was against the manifest weight of the evidence. He also argues that the trial court improperly amended the charge sua sponte and that his sentence is void under the original language of the indictment.

**{¶3}**     The victim in this case, A.T., was twelve years old at the time of the incident. She testified that Taylor sexually abused her on a regular basis and that she had dreams about the abuse. The two incidents that led to the charges in this case were "just the things where I could actually recall facts and say." (Trial Transcript, p. 139, lines 11-21). She confirmed that these incidents definitely occurred and were not part of a dream.

**{¶4}**     The first incident occurred in November 2017 in the morning while A.T. was still in bed and pretending to be asleep. She recalled that Taylor put his hand in her pants and was rubbing her vagina. (Trial Transcript, p. 112, lines 13-18). She also described a second incident, in December 2017, where she recalled that Taylor was "playing with my breasts" and "rubbing my vagina." (Trial Transcript, p. 109, lines 1-7).

**{¶5}** After a bench trial on January 19, 2021, the trial court issued a guilty verdict on two counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4). The verdict was issued on June 16, 2021; sentencing was scheduled for July 21, 2022, but was continued to September 16, 2021 at Taylor's request.

**{¶6}** Taylor failed to appear for sentencing and a warrant was issued for his arrest. He was arrested the day the warrant was issued and the trial court imposed an indefinite sentence of fifty-four months to life on each count, pursuant to R.C. 2971.03(A)(3)(a), with the sentences to be served consecutively. (Sent. Entry, Oct. 26, 2021, at 2). The trial court also found Taylor to be a Tier III sex offender/child victim offender registrant.

**{¶7}** Taylor filed a notice of appeal and submitted four assignments of error:

**{¶8}** "I. THE EVIDENCE AGAINST TAYLOR AS TO COUNT ONE WAS LEGALLY INSUFFICIENT AS A MATTER OF LAW."

**{¶9}** "II. THE EVIDENCE WEIGHED MANIFESTLY AGAINST CONVICTING TAYLOR OF THESE OFFENSES."

**{¶10}** "III. THE TRIAL COURT ERRED IN SUA SPONTE AMENDING THE SPECIFICATIONS, BECAUSE THE AMENDMENTS WERE NEVER PRESENTED TO THE GRAND JURY AS REQUIRED."

**{¶11}** "IV. TAYLOR'S PRISON TERMS WERE CONTRARY TO LAW BECAUSE HIS INDEFINITE SENTENCES UNDER THE SPECIFICATION STATUTE WERE VOID."

## ANALYSIS

**{¶12}** In his first and second assignments of error, Taylor contends the conviction was not supported by sufficient evidence and was against the manifest weight of the

evidence. Because these assignments of error are closely related we will consider them simultaneously.

{¶13} Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins,* 78 Ohio St.3d 380, 386–87, 678 N.E.2d 541 (1997). Essentially, sufficiency is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks, 61 Ohio St.3d 259, 259, 574 N.E.2d 492, 494, syllabus, paragraph 2.*

{¶14} In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkin*s at 387.

{¶15} Taylor was charged with a violation of R.C. 2907.05(A)(4), gross sexual imposition, which states:

(A)     No person shall have sexual contact with another, not the spouse of

the offender; cause another, not the spouse of the offender, to have sexual

contact with the offender; or cause two or more other persons to have

sexual contact when any of the following applies:

* *

(B)  (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶16} R.C. 2907.01(B) defines "Sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." And we have held that "[i]t is well settled that in the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer that the defendant was motivated by desires for sexual arousal or gratification from the type, nature, and circumstances of the contact, along with the personality of the defendant. *State v. Cobb,* 81 Ohio App.3d at 185, 610 N.E.2d 1009 (1991)." State v. Moore, 5th Dist. Morgan No. 21AP0003, 2022-Ohio-2349, ¶¶ 27-28.

{¶17} In the case before us A.T. confirmed that she was twelve years old at the time of the offenses and that Taylor was regularly abusing her. She did admit that she was disturbed by dreams of continued abuse by Taylor, but she confirmed that she distinctly remembered the two incidents of abuse that formed the basis of the charges and that they were not the product of a dream. The victims' mother corroborated the date of the incidents and the rational for the delay in reporting the abuse.

{¶18} The testimony of A.T. and her mother was unrebutted. Taylor crafts an argument  relying upon his contention that their testimony should be discounted as not credible and full of inconsistencies. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758,

1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). The Ohio Supreme Court has emphasized:

**{¶19}** " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012-Ohio-2179, quoting *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown*, 9th Dist. No. 21004, 2002-Ohio-3405, 2002 WL 1454025, ¶ 9, quoting *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).

**{¶20}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.' " *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, 2008 WL 5245576, ¶ 31, quoting *State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist.2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002 WL 407847 at ¶ 13, quoting State v. Gore, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist.1999).

**{¶21}** The judge as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the [trier of fact] may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies *503 do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 2000 WL 297252 (Mar 23, 2000) quoting *State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the [trier of fact] need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003-Ohio-958, 2003 WL 723225, ¶ 21, quoting *State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP–1238, 2003-Ohio-2889, 2003 WL 21291042, quoting *State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist.1992).

**{¶22}** In the case at bar, the judge heard the witnesses, viewed the evidence and Taylor's arguments. In the Decision and Entry after Bench Trial, the trial court acknowledged that the testimony of the victim contained inconsistencies and that some of the information in the report to Children's Services was inaccurate, but concluded that:

> Notwithstanding these inconsistencies, the victim did not waver in her testimony about the Defendant's conduct in the two incidents. The victim is very articulate, and a mature young woman for her age. She appeared confident and assured, and her testimony was clear and definite about the Defendant's acts against her. The Court finds the victim witness testimony to be reliable based upon these observations of the witness during the trial.

The Court finds that the testimony of the victim's mother, Meredith Collins is likewise credible and reliable, and it confirms the victim's testimony in important details such as the timing of the victim reporting the incidents to her mother, and the reasons for the delay in reporting the incidents to outside agencies.

Decision and Entry after Bench Trial, Jun. 16, 2021, p. 7.

**{¶23}** The trial court in this case was in the best position to judge the credibility of the witnesses by observing them during their testimony and we have held that "this court must refrain from substituting our judgment on a cold record for that of the fact finder see e.g.,(sic) *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77." *Coventry v. Turrin,* 5th Dist. Tuscarawas No. 1999AP040023, 2000 WL 492944, *3.

**{¶24}** Based upon the foregoing and the entire record in this matter, we find Taylor's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the judge appears to have fairly and impartially decided the matters before him. The judge as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Taylor's arguments. This court will not disturb the trier of fact's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The judge heard the witnesses, evaluated the evidence, and was convinced of Taylor's guilt.

**{¶25}** Upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime of gross sexual imposition for which Taylor was convicted and we find no evidence that the fact finder lost its way by rendering a guilty verdict.

**{¶26}** Taylor's first and second assignments of error are overruled.

### III., IV.

**{¶27}** Taylor contends that the trial court erred by sua sponte amending the indictment after the trial and that, therefore, that portion of his sentence related to the amendment is void. These assignments of error are linked so we consider them simultaneously.

**{¶28}** Taylor argues that the trial court "circumvented the grand jury process by amending Taylor's indictment to R.C. 2941.148." (Appellant's Brief, p. 8). Because the amendment was contrary to law, Taylor continues, his indefinite sentence was void as the specification approved by the grand jury, R.C. 2941.149 did not apply to his case.

**{¶29}** The trial court noted the incorrect citation in a footnote to its Decision and Entry after Bench Trial where it stated: "The Court finds that the indictment contains a typographical error in citing to the wrong statute for the specification (R.C. 2941.149 instead of 2941.148), and that this error can be corrected by a motion to amend the indictment pursuant to Cr.R. 7." (Decision and Entry after Bench Trial, Jun. 16, 2021, p. 1). Taylor came before the court in October 2021 for sentencing, but the record contains no objection or complaint regarding the alleged error in the citation or reference to any prejudice that it caused. "It is a well-established rule that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" (Citations omitted.) *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15.

**{¶30}** Though not raised at trial, Taylor had the opportunity to raise this forfeited claim on appeal through Crim.R. 52(B). Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Taylor did not raise plain error. Because he does not claim plain error on appeal, we need not consider it. *See, State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 17–20 (appellate court need not consider plain error where appellant fails to timely raise plain-error claim); *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, ¶ 25, *quoting Wright v. Ohio Dept. of Jobs & Family Servs.*, 9th Dist. Lorain No. 12CA010264, 2013-Ohio-2260, ¶ 22 ("when a claim is forfeited on appeal and the appellant does not raise plain error, the appellate court will not create an argument on his behalf"). However, even if we were to consider Taylor's argument on the forfeited claim he would not prevail.

**{¶31}** Taylor carefully avoids citing the language of R.C. 2941.148 and 2941.149 as that would reveal that the trial court's amendment corrected a typographical error and did not alter the nature of the charge against him. The indictment contained the following language: "The Grand Jury further find(sic) and specify(sic) that Adam P. Taylor is a sexually violent predator," the language required by R.C. 2941.148(A)(2). The indictment incorrectly included a reference to R.C. 2941.149 which addresses a specification concerning repeat violent offenders, but did not include the language from that section. The court's sua sponte amendment corrected a typographical error and had no impact on the nature of the offense charged or the penalty imposed.

**{¶32}** Taylor relies on *State v. Dilley*, 47 Ohio St.3d 20, 546 N.E.2d 937 (1989), but we find that case inapplicable as it addressed an attempt by the state to add a

specification that was not included in the indictment. *Id.* at 20. The Supreme Court of Ohio found that "state may not amend an indictment so as to include a specification contained in R.C. 2941.143 without first presenting the specification to the grand jury or following the other alternatives contained therein. The state may not avoid *23 the clear mandates of R.C. 2941.143 and circumvent the grand jury process * * *." *Id.* at 22–23. In the case before us, the specification was presented to the grand jury and included in the indictment, but with an incorrect citation to the Revised Code.

**{¶33}** The Supreme Court of Ohio has addressed this issue and found that mis-numbering of a statute in an indictment did not invalidate the indictment: "Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated. *Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant.*" (Emphasis in original.) *State ex rel. Dix v. McAllister,* 81 Ohio St.3d 107, 108, 689 N.E.2d 561, 562 (1998) quoting *State v. Morales (*1987), 32 Ohio St.3d 252, 254, 513 N.E.2d 267, 270, fn. 4. *See* Crim.R. 7(B).

**{¶34}** The trial court is authorized to make such an amendment by Crim.R. 7 (D) contingent upon a finding that the amendment does not "change the name or identity of the crime charged." *State v. Isenogle*, 5th Dist. Stark No. 2021CA00079, 2022-Ohio-1257, ¶ 32. If we were to disregard Taylor's failure to present this matter to the trial court and the lack of argument regarding plain error, we woul find that the amendment had no impact on the name and identity of the charged offense and that the indictment provided Taylor with ample warning of the nature of the pending charges. *Id.* at ¶ 38.

**{¶35}**  Taylor's third assignment of error is denied.

**{¶36}**  Taylor's fourth assignment of error, a contention that the sentence imposed was not authorized by law, is dependent on a finding that the third assignment of error was well taken. Because we have denied the third assignment of error, the fourth assignment of error must be denied as well.

**{¶37}**  The decision of the Knox County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, Earle, P.J. and

Delaney, J. concur.