DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Gordon Hull, guilty of aggravated burglary and sentenced him to a term of five years. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
 "The Defendant-Appellant Was Denied the Effective Assistance of Counsel at Trial, in Violation of His Sixth Amendment Rights."
The relevant facts underlying this appeal were set forth by this court in the companion case of State v. Williams (Aug. 20, 1999), Lucas App. No. L-98-1299, unreported, and will not be repeated here. Appellant was indicted on June 19, 1998 on one count of kidnaping and one count of aggravated burglary. On July 28, 1998, a nolle prosequi was entered as to the kidnaping count and appellant's trial as to the aggravated burglary count began. Appellant was found guilty on July 29, 1998 and sentenced. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that he was deprived of his constitutional right of effective assistance of counsel. This court finds no merit in this assignment of error.
The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-56. Thus, appellant bears the burden of proving that his trial counsel was ineffective. Id. at 156;State v. Martens (1993), 90 Ohio App.3d 338, 351.
It is well established that the constitution does not guarantee a perfect trial or even the best available defense. The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law. State v.Martens, 90 Ohio App.3d at 351.
Effective assistance of counsel does not guarantee results.State v. Longo (1982), 4 Ohio App.3d 136. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v.Hart (1988), 57 Ohio App.3d 4, 10.
In his assignment of error, appellant argues that his trial counsel erred in the closing argument. Specifically, appellant argues that trial counsel failed to display a consistent, coherent strategy. Appellant has failed to establish that trial counsel's performance fell below the objective standard of reasonable representation. After a careful review of the record, this court cannot find that appellant's trial counsel was ineffective in his representation in the closing argument.
It is an elemental proposition of law that parties are granted considerable latitude in closing arguments. State v.Frazier (1995), 73 Ohio St.3d 323, 341; State v. Loza (1994),71 Ohio St.3d 61, 78. Moreover, in reviewing claims of ineffective assistance of counsel, appellate courts are admonished to be highly deferential, indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and refrain from second guessing strategic decisions of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558;State v. Bradley (1989), 42 Ohio St.3d 136, 142. This last point is particularly significant as trial tactics are generally not subject to question by a reviewing court. State v. Fryling
(1992), 85 Ohio App.3d 557, 562. The decisions made regarding closing argument by trial counsel in the case sub judice were legitimate trial tactics. This court will not resort to micro-management of closing arguments by trial lawyers.
Appellant has not met the burden of proving that his trial counsel was ineffective. Furthermore, appellant has failed to show that his trial counsel's actions were prejudicial. In order to prevail on this assignment of error, appellant must show that "* * * there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. * * *" Strickland v. Washington (1984), 466 U.S. 668, 669.
After a careful review of the record, we are not convinced that the trial result would have been any different had counsel conducted the closing argument differently. Appellant has failed to prove that his counsel fell below an objective standard of reasonable representation, and has failed to show any prejudicial result. Furthermore, "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. * * *"Strickland, 466 U.S. at 700.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs for this appeal.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.