[Cite as *State v. Meredith*, 2023-Ohio-4038.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JEFFREY DEAN MEREDITH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CO 0039**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2021 CR 277

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Robert T. McDowall, Jr.*, Robert T. McDowall Co., LLC, for Defendant-Appellant.

Dated: November 7, 2023

**HANNI, J.**

{¶1} Defendant-Appellant, Jeffrey Dean Meredith, appeals from a Columbiana County Common Pleas Court judgment convicting him of one count of forgery, four counts of tampering with records, and one count of improper use of a certificate of title, following a bench trial.

{¶2} Beverly Meredith is Appellant's mother. Beverly died on February 18, 2020. Beverly had owned a Jeep Renegade valued at $23,592 to $25,687.

{¶3} According to witnesses, Appellant took the title to the Jeep to notary Melinda Hannan on February 18, 2020, just after Beverly passed away, and asked her to notarize a title transfer from Beverly to him. Beverly's alleged signature was already on the title. Hannan notarized the title despite the fact that Beverly was not present. Despite believing that she notarized the title on February 18, Hannan dated the title February 14, 2020. She stated that she was confused as to why she would have written the date as February 14, but thought it may have been because the date February 14 was already filled in on one spot on the title and she just copied that date.

{¶4} Kevin Ragan, an investigator for the Ohio Bureau of Motor Vehicles became involved. He learned the title to the Jeep had already been transferred into Appellant's name. Ragan compared Beverly's alleged signature on the title to a known sample of her signature. He concluded the two signatures did not match.

{¶5} A Columbiana County Grand Jury indicted Appellant on one count of forgery, a fourth-degree felony in violation of R.C. 2913.31(A)(3); one count of tampering with records, a third-degree felony in violation of R.C. 2913.42(A)(1); one count of tampering with records, a fourth-degree felony in violation of R.C. 2913.42(A)(1); one count of tampering with records, a third-degree felony in violation of R.C. 2913.42(A)(2); one count of tampering with records, a fourth-degree felony in violation of R.C. 2913.42(A)(2); and one count of improper use of a certificate of title, an unclassified felony in violation of R.C. 4505.19(A)(4).

{¶6} Appellant waived his right to a jury trial and the matter proceeded to a bench trial on June 16, 2022. The trial court found him guilty on all counts and, later that day, proceeded to sentencing.

{¶7} The trial court sentenced Appellant to 12 months in prison on each of the tampering with records counts and found that each of the tampering with records counts merged for sentencing purposes. It sentenced him to 12 months on the forgery count and two years in prison on the improper use of a certificate of title count and found that these counts merged for sentencing purposes. The court ordered Appellant to serve his sentences concurrently with each other for an aggregate sentence of two years.

{¶8} On Appellant's motion, this court granted him leave to file a delayed appeal on December 1, 2022. Appellant now raises a single assignment of error for our review.

{¶9} Appellant's sole assignment of error states:

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND UNDER SECTION TEN, ARTICLE ONE OF THE OHIO CONSTITUTION DURING HIS PLEA NEGOTIATIONS, TRIAL, AND SENTENCING.

{¶10} Appellant argues that his trial counsel was ineffective.

{¶11} To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

{¶12} Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

{¶13} Appellant first contends his counsel was ineffective at the plea bargaining stage. He claims counsel failed to review discovery materials with him prior to presenting him with the State's plea offer. He points out that the trial court told him that he had to accept the State's offer at that time, or go to trial. Thus, Appellant argues he was put in the position of either having to accept the plea offer without having seen discovery or proceeding to trial.

{¶14} At the May 20, 2022 pretrial hearing discussing a plea offer from the State, the following colloquy took place between Appellant and the court:

> THE COURT: Okay. You understand that I don't know what the offer is, but after today there is no going back. We are going to have to go forward with a trial and then you are at the mercy of the Court.
>
> THE DEFENDANT: I haven't even seen a copy of discovery, your Honor.
>
> THE COURT: You haven't seen discovery?
>
> THE DEFENDANT: No, I haven't, no.
>
> THE COURT: Okay. Well, that is something that you need to get done before - - sooner rather than later; all right?
>
> THE DEFENDANT: Okay. Yes, ma'am.

(5/20/22 Tr. 2-3).

{¶15} Appellant next contends his counsel failed to advise him that the improper use of a certificate of title charge carried with it a mandatory term of incarceration.[1] At sentencing, when it was brought to Appellant's attention that the charge carried a mandatory term of incarceration, Appellant engaged in the following colloquy with the court:

---

[1] It should be noted that while both parties state the penalty for a violation of R.C. 4505.19 is a mandatory jail or prison sentence, this is inaccurate. The statute states: "Whoever violates this section shall be fined not more than five thousand dollars *or* imprisoned in the county jail not less than six months nor more than one year, *or both*, *or* in a state correctional institution not less than one year nor more than five years." R.C. 4505.19(B). (Emphasis added). Thus, the statute allows for a fine, a jail sentence, or both a fine and a jail sentence, or a prison sentence. Thus, Appellant did not face mandatory time as he claims.

THE DEFENDANT: I had no idea there was even mandatory time with any of these charges, ma'am. I didn't. I've been filing over there for a year, and I just got brought back in front of this court. I mean, I tried to communicate with counsel and stuff but.

THE COURT: Well, I think last week, you and I had a very direct conversation.

THE DEFENDANT: Right.

THE COURT: And, as a matter of fact, your counsel and the State both provided to the Court what the offer was at that time.

THE DEFENDANT: I had - - I had no idea there was mandatory time. Nobody said - - I never knowed that what was what [sic.]. That was never explained to me. Nothing was explained to me what was what, what could carry this, you could go to jail for this. Especially that Number Six. I did not know that that was mandatory time. I had no idea any of these was mandatory time. I mean - -

(Trial Tr. 137-138).

**{¶16}** In order to find defense counsel was ineffective during the plea bargaining stage of the proceedings, the defendant must show that but for the ineffective advice of counsel: (1) there is a reasonable probability that the plea offer would have been presented to the court; (2) the court would have accepted its terms; and (3) the conviction or sentence imposed would have been less severe than that actually imposed upon the defendant. *State v. Marsh*, 7th Dist. Mahoning No. 12 MA 40, 2013-Ohio-757, ¶ 22, citing *Lafler v. Cooper*, 566 U.S. 156, 164, 132 S.Ct. 1376, 182 L.Ed. 398 (2012). Appellant cannot meet all of these elements.

**{¶17}** Appellant can meet the first element. The court held a hearing on May 20, 2022. The court noted that it did not know the terms of the plea offer but that it was aware there had been an offer. (May 20, 2022 Tr. 2). Thus, there is a reasonable probability the offer would have been presented to the court.

Case No. 22 CO 0039

**{¶18}** Appellant cannot meet the second element, however. The terms of the plea offer do not appear on the record. And the court stated that it did not know the terms. Thus, we are unable to say that the trial court would have accepted its terms.

**{¶19}** Additionally, Appellant cannot meet the third element. At sentencing, in briefly mentioning the plea offer, the court stated: "I don't remember the specifics of it. I know there was some pleading to certain charges and dismissal of another." (Trial Tr. 138). The court ultimately merged together Appellant's convictions for Counts two through five and for Counts one and six. It then ordered the remaining sentences to be served concurrently for an aggregate sentence of two years. The record does not provide us with information to determine if Appellant's conviction or sentence would have been less severe had he accepted the plea offer than the sentence that was actually imposed by the court.

**{¶20}** Because Appellant cannot demonstrate two of the three required elements, we cannot find his counsel was ineffective at the plea bargaining phase.

**{¶21}** Additionally, Appellant argues his counsel was ineffective for failing to call Appellant's wife, Michelle Meredith, as a witness. He asserts she had personal knowledge of all of the events at issue.

**{¶22}** On June 7, 2022, Appellant's counsel filed a notice that he intended to call Michelle Meredith as a witness at trial. Counsel did not, however, call Mrs. Meredith to testify. After the court sentenced Appellant, Appellant stated: "He called no witnesses. I need - - I need new counsel. How do I get it appealed?" (Trial Tr. 148).

**{¶23}** Whether or not to call a particular witness is a matter that falls within trial strategy. *State v. Treesh*, 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001). This court will not second guess trial counsel's tactics. Trial tactics are generally not subject to question by a reviewing court. *State v. Fryling*, 85 Ohio App.3d 557, 562, 620 N.E.2d 862 (3d Dist.1992). In this case, the record does not reflect what Mrs. Meredith may have testified to. Counsel may have determined that Mrs. Meredith's testimony would have been detrimental to Appellant's case. This was a matter of trial strategy. Thus, counsel was not ineffective for failing to call Mrs. Meredith to testify.

**{¶24}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶25}**  For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**